IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| KRISTIN SULLIVAN, as Administrator of the Estate of Demarcus McCloud, | ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CIVIL ACTION NO. 2:25cv981-MHT (WO) |
| JOHN HAMM, Commissioner of the Alabama Department of Corrections, et al., | ) ) ) ) | |
| Defendants. | ) | |

**ORDER**

This case is before the court on plaintiff Kristin Sullivan's motion for an extension of time to complete service of process.  Sullivan seeks a 90-day extension of time to serve defendants Curtis Ard, Samuel Dial, Brian Ray, and Tia Scott. For the following reasons, the motion will be granted.

Rule 4(m) of the Federal Rules of Civil Procedure provides, in relevant part:

"Time Limit for Service. If a defendant is not served within 90 days after the complaint is

> filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."

Fed. R. Civ. P. 4(m). The rule requires an extension of time where good cause is shown, but also give courts "discretion ... to extend the time for service of process even in the absence of a showing of good cause." *Horenkamp v. Van Winkle And Co.*, 402 F.3d 1129, 1132 (11th Cir. 2005).

To establish good cause for an extension of time, a plaintiff must show that she has proceeded in good faith and has a reasonable basis for noncompliance and that the basis for the delay was more than simple inadvertence or mistake. *See Joe Hand Promotions, Inc. v. Koda*, No. 2:14cv623-MHT, 2014 U.S. Dist. LEXIS 178577, *4-5, 2014 WL 7408215, at *2 (M.D. Ala. Dec. 31, 2014) (Thompson, J.). "Good cause exists 'only when some outside factor[,] such as reliance on faulty

2

advice, rather than inadvertence or negligence, prevented service.'" *Lepone-Dempsey v. Carroll Cnty. Comm'rs*, 476 F.3d 1277, 1281 (11th Cir. 2007) (quoting *Prisco v. Frank,* 929 F.2d 603, 604 (11th Cir. 1991) (per curiam) (discussing "good cause" under the former Rule 4(j)), *superseded in part by rule as stated in Horenkamp,* 402 F.3d at 1132 n.2).  If good cause does not exist, courts must "consider whether any additional factors, such as the running of a statute of limitations, would warrant a permissive extension of time."  *Id*. at 1282.

The court finds that good cause exists for an extension here.  The record reflects that Sullivan timely took multiple steps to serve the 17 defendants in this case, including Ard, Dial, Ray, and Scott. This lawsuit was filed on December 13, 2025.  On January 6, 2026, Sullivan filed a limited motion for discovery of the full name and address of one of the named defendants for service of process.  On January

3

11, Sullivan sent requests for waiver of service to 13 defendants, including defendants Ray and Scott. Their responses were not due until February 10, 2026. Also on January 11, Sullivan submitted proposed summons for several defendants, including defendants Ard and Dial. After her motion for limited discovery was granted, Sullivan sought discovery of the name and address of a defendant and, after receiving the information, requested a waiver of service for the relevant defendant on February 25. On February 27, Sullivan again requested summons for Ard and Dial—which had not yet been produced by the clerk's office—and requested summons for Ray and Scott, to whom Sullivan had previously sent requests for waiver of service that were not accepted. On March 9, Sullivan filed the instant motion to extend the deadline for service of process. The clerk's office did not issue the requested summons until March 10, a week and a half after the second request for summons, and three days

4

before the deadline for service of process. These facts make clear that Sullivan acted in good faith in attempting to serve Ard, Dial, Ray, and Scott, but was unable to complete service within 90 days due in part to the necessity of waiting for a response on the requests for waiver of service of process, and also due to delay by the clerk's office in issuing summonses. The court finds these circumstances sufficient to establish good cause for an extension of time to serve the four remaining defendants.

In the alternative, the court exercises its discretion to extend the time for service of process. Sullivan sues as the executor of the estate of Demarcus Cloud, who, according to the complaint, died while incarcerated in an Alabama prison on December 27, 2023, due to the actions of the defendants. Sullivan brings claims pursuant to 42 U.S.C. § 1983 for violation of the Eighth Amendment against all the defendants. In Alabama, the statute of limitations for § 1983 claims

is two years, *see Jones v. Preuit & Mauldin*, 876 F.2d 1480, 1483 (11th Cir. 1989), so the statute of limitations on Sullivan's § 1983 claims expired on or about December 27, 2025.  As a result, a dismissal of the § 1983 claims against defendants Ard, Dial, Ray, and Scott under Rule 4(m) would in effect be a dismissal with prejudice.  Moreover, Sullivan timely requested an extension of time for service, and given the early stage of the case, an extension would not unduly prejudice the defendants.  The court finds the interests of justice warrant an exercise of the court's discretion to grant an extension of time for service of process.

\*\*\*

Accordingly, it is ORDERED that the motion for extension of time to serve defendants (Doc. 26) is granted, and the deadline for service of process is extended to June 11, 2026, pursuant to Federal Rule of

6

Civil Procedure 4(m).

DONE, this the 20th day of April, 2026.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE
